Cortland A. Johnson, J.
Following a trial of the issues in this court, an appeal to the Appellate Division, Second Department, and a further appeal to the Court of Appeals (1 A D 2d 702, affd. 3 N Y 2d 554), which resulted in a remittitur to this court for the purpose of proving damages, this case appeared on the Ready Day Calendar of Special Term, Part II on Thursday, December 4, 1958. It was number 12 on the calendar as printed in the New York Law Journal, but of the 12 cases there appearing, 3 had been disposed of on the afternoon of December 3 as the clerk would have told any inquirer on Thursday morning.
On the calendar call this case was marked “Ready” by a Lawyers’ Service representative. Defendant’s counsel was in court ready to proceed and remained available while, the court is told, he endeavored and the Lawyers’ Service representative endeavored to reach plaintiff’s attorney to advise him that the case might be reached for trial.
At about 12 o’clock noon, two cases marked “ Ready ” ahead of this one having been considered and disposed of, the only business remaining on the calendar Avas the instant case. At about that time plaintiff’s attorney called by telephone and advised one of the clerks that he was engaged in a labor bargaining session seeking to avert a strike for another client; that he had no witnesses in the case under subpoena and that his appearance in court at 2:00 p.m. would avail nothing. He asked permission to appear at 10:00 a.m. on Friday, December 5. Defendant’s counsel, not actively seeking a dismissal, leaves the disposition of the application to the court.
An examination of the calendar card and attached records shows that the case was returned to the Special Term, Part II calendar for trial of the issue of damages on June 2, 1958. On that day it was adjourned to June 16. It was marked ‘ ‘ Ready ’ ’ on June 16, 17, 18 and 19. On June 20 it was adjourned to September 8. On September 8 it was marked “ November Term.” It did not reach the Ready Calendar again until December 1, when it was marked “ Ready.” It did not appear again on the Day Calendar until today.
The problem of calendar congestion is a many-sided one. During the present year, additional justices of this court have been provided by the people of this district, through the action of their elected representatives. But the creation of additional judgeships is but one aspect of an attempt to solve the problem. Altogether too many lawyers have fallen into the habit of expecting the courts to await the lawyers’ convenience. It does not seem too much to expect that a lawyer who has a case on *781 the Beady Day Calendar (especially a calendar on which, as in this part, the number of cases is purposely kept at a minimum for counsels’ convenience) will follow the calendar and know what to expect. But in all too many instances as in this one, although one attorney is in court ready to proceed, the other is missing, has not followed the case, has no witnesses under subpoena and has no proposal to make except to adjourn the case. As a result, the court is unable to arrange its work efficiently, and although there are thousands of cases on the calendar, is left with nothing to try.
The legal profession should be encouraged to develop a sufficient number of advocates to handle trial practice; if counsel finds the work in his office more urgent than that in court, someone else should be in court to try the case. Suitors should wait upon the court; the court should not be expected to wait upon the suitors.
The result of counsel’s absence in this case is that the court is left without business at a time when this case could have been heard; and when one party was ready and able to proceed. It is the plaintiff who seeks delay in a case which has been on the Beady Day Calendar for months. The court does not look with favor on this practice.
This action is dismissed.